IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AARON L. MCDONALD, SR., : | |
| : | |
| Petitioner, : | |
| v. : | Case No. 5:24-cv-298-MTT-AGH |
| : | |
| WARDEN DESHAWN JONES, : | |
| : | |
| Respondent. : | |
| _____ : | |

## REPORT AND RECOMMENDATION

Petitioner Aaron L. McDonald, Sr., an inmate currently confined at Augusta State Medical Prison in Grovetown, Georgia, filed a *pro se* application for habeas relief under 28 U.S.C. § 2254 (ECF No. 1). Pending before the Court is Respondent's motion to dismiss the habeas petition as untimely (ECF No. 12). For the reasons stated below, the Court recommends that Respondent's motion be granted, and the petition be dismissed as untimely.

## BACKGROUND

On February 13, 2018, a grand jury returned an indictment in the Superior Court of Macon County, Georgia, charging Petitioner with one count each of aggravated assault (count one), felony murder (count two), malice murder (count three), and cruelty to children in the third degree (count four). Resp't's Ex. 1, at 1, ECF No. 13-1. On May 9, 2019, Petitioner pleaded guilty to aggravated assault and voluntary manslaughter as a lesser included offense to the felony murder charge. *Id.* at 4. The malice murder and cruelty to children counts were nol prossed. Resp't's Ex. 2, at 1, ECF No. 13-2. Petitioner was originally sentenced to twenty years in

prison on the manslaughter charge and ten years, five to serve, on the aggravated assault charge, consecutive to the manslaughter sentence. *Id.* However, on June 10, 2019, the state court entered an order *nunc pro tunc* to correct the sentence to make the manslaughter and aggravated assault sentences run concurrently. Resp't's Ex. 3, at 1, ECF No. 13-3. Petitioner did not appeal his conviction or file a state habeas petition. Pet. 2, ECF No. 1. On May 5, 2024, he filed a motion to vacate his sentence in the Macon County Superior Court. *Id.* at 22.

Petitioner filed his federal habeas petition on August 22, 2024.[1] Pet. 7. Petitioner contends: (1) the state court improperly failed to merge his aggravated assault conviction into the voluntary manslaughter conviction, (2) trial counsel was ineffective for not filing a demurrer to the indictment, and (3) his guilty plea was invalid because he did not sign the waiver of rights form. Pet. 5-6, 14-17. Respondent moved to dismiss the petition as untimely on January 3, 2025 (ECF No. 12). Petitioner timely responded to the motion (ECF No. 15). Respondent's motion is ripe for review.

## DISCUSSION

### I. The Applicable Limitations Period

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") was enacted

---

[1] Petitioner originally filed his petition in the United States District Court for the Southern District of Georgia. Pet. 1, ECF No.1. Although the Southern District received the petition on September 3, 2024, Petitioner signed it on August 22, 2024. Pet. 7. "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.* On September 3, 2024, the Southern District transferred the petition to this Court. Order, ECF No. 4.

primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. *See Hohn v. United States*, 524 U.S. 236, 264-65 (1998) (Scalia, J., dissenting) ("The purpose of the AEDPA is not obscure.  It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisprudence.").  The AEDPA therefore instituted a one-year limitations period for the filing of a "writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  As relevant here, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).

## II.     Petitioner's Habeas Application is Untimely

Petitioner's application for federal habeas relief is untimely.  The *nunc pro tunc* sentence correction was filed on June 10, 2019.  Resp't's Ex. 3, at 1.  Under Georgia law, Petitioner had thirty days in which to file an appeal.  O.C.G.A. § 5-6-38(a).  The thirtieth day fell on July 10, 2019, so by July 11, 2019, Petitioner's convictions were final.  28 U.S.C. § 2244(d)(1)(A).  Petitioner had one year thereafter—until July 11, 2020—to file a petition challenging these convictions. 28 U.S.C. § 2244(d)(1).

Petitioner never filed a state habeas petition, though he did file a motion to vacate in the Macon County Superior Court on April 5, 2024.  Pet. 2, 22.  Even assuming this filing would otherwise toll the filing of a federal habeas petition, *see* 28 U.S.C. § 2244(d)(2), it has no bearing on whether Petitioner timely filed his federal

3

habeas petition here because it was filed after the AEDPA limitations period expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (explaining that "[a] state-court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled"). Petitioner's federal habeas application was filed on August 22, 2024—over four years after the limitations period expired—and fails to invoke this Court's jurisdiction. Petitioner's application for habeas relief is therefore untimely.

In his response to the motion to dismiss, Petitioner argues that the AEDPA limitations period did not commence until the latest of one of the dates identified in 28 U.S.C. § 2244(d)(1)(B)-(D). Pet'r's Resp. to Mot. to Dismiss 2, ECF No. 15; Pet'r's Ex. B, ECF No. 15-2. However, the only one of these provisions which could arguably apply to Petitioner is § 2244(d)(1)(D) regarding his merger argument.[2] But Petitioner does not explain why, with due diligence, he could not have discovered the state court's failure to merge the aggravated assault conviction into the voluntary manslaughter conviction. Moreover, the sentence computation sheet Petitioner includes in his petition, which includes the non-merged convictions, is dated June 13, 2019. Pet. 35. Again, this is over four years prior to the filing of his habeas petition. Thus, even if the June 2019 date started the limitations period, Petitioner's habeas application is untimely.

### III. Equitable Tolling

Petitioner is also not entitled to equitable tolling. The one-year AEDPA

---

[2] Section 2244(d)(1)(D) states that the AEDPA limitations period runs from "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence."

4

limitations period is subject to equitable tolling only in certain situations. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quotation marks omitted). The only ground for which Petitioner even attempts to argue equitable tolling is on the merger issue, contending he has "shown extraordinary circumstances and reasonable diligence to entitle him to equitable tolling." Pet'r's Resp. to Mot. to Dismiss 2. Other than this conclusory statement, though, Petitioner does not identify any extraordinary circumstances that would have prevented the timely filing of a federal habeas petition. Therefore, he is not entitled to equitable tolling, and his petition should be dismissed.

## IV.  Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*,

529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and a certificate of appealability in this case should be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that Respondent's motion to dismiss (ECF No. 12) be **GRANTED** and that Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed as untimely. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. See M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 23rd day of April, 2025.

                                               s/ *Amelia G. Helmick*
                                               UNITED STATES MAGISTRATE JUDGE